# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANIEL WAYNE DAVIS**, | Case No. 2:24-cv-449-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MRS. DAVIES and DAVID PEDRO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Daniel Wayne Davis, an adult in custody ("AIC") representing himself, sues a defendant whom he identifies only as "Mrs. Davies,"[1] in both her individual and official capacities, and David Pedro, in his official capacity (collectively, "Defendants"). Plaintiff brings claims under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment and Fourteenth Amendment rights. Before the Court is Defendants' Motion to Dismiss. For the reasons stated below, the Court finds that even under the liberal pleading standards afforded a self-represented (or *pro se*) litigant, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court grants Defendants' motion, but allows Plaintiff the opportunity to amend his Complaint with respect to his claims against Mrs. Davies in her individual capacity.

---

[1] Defendants did not provide the full name of this person.

## STANDARDS

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**B.  *Pro Se* Pleading Standard**

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

**BACKGROUND[2]**

Plaintiff alleges that he was assaulted by another AIC, causing injury to Plaintiff's left bicep. Compl. (ECF 2) at 13. Plaintiff alleges that he repeatedly requested medical treatment for this injury but was not sent to a specialist until more than six months after he sustained his injury. *Id.* at 13-16. He asserts that Defendant Pedro is responsible for Plaintiff's confinement, Defendant Davies is responsible for providing Plaintiff with medical care, and both committed a

---

[2] In his response to Defendants' motion, Plaintiff asserts additional facts. The Court does not consider these facts in ruling on Defendants' motion. *See infra* note 3.

"misuse of power." *Id.* at 13. As a result of the alleged delay in providing medical care, Plaintiff

asserts that he has "irreplaceable damage of [his] left bicep[] muscle with a 15-18% diminished

strength." *Id.* Plaintiff seeks $1,000,000 in damages. *Id.*

## DISCUSSION

Plaintiff sues both Defendants in their official capacities and Mrs. Davis in her individual

capacity. To establish § 1983 liability, a plaintiff must prove "(1) deprivation of a right secured

by the Constitution and laws of the United States, and (2) that the deprivation was committed by

a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th

Cir. 2012) (quotation marks omitted). The Supreme Court has held that state officials acting

within their official capacity are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't

of State Police*, 491 U.S. 58, 71 (1989). Instead, the suit is "is not a suit against the official but

rather is a suit against the official's office" and as such "is no different from a suit against the

State itself." *Id.* Thus, "damages claims against . . . individual defendants in their official

capacities are barred by the Eleventh Amendment," *Brown v. Or. Dep't of Corr.*, 751 F.3d 983,

989 (9th Cir. 2014) (citations omitted), and a state official cannot be sued under § 1983 in his or

her official capacity for monetary relief. Plaintiff seeks only monetary relief, and therefore the

Court dismisses Plaintiff's claims against Defendants in their official capacities without leave to

amend.

The Supreme Court has held that although a plaintiff may not sue a state official in his or

her official capacity for money damages in a § 1983 action, a plaintiff may sue a state official for

money damages in his or her personal capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Such

suits are permissible because "[p]ersonal-capacity suits . . . seek to impose individual liability

upon a government officer for actions taken under color of state law." *Id.* Accordingly, "to

establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under

color of state law, caused the deprivation of a federal right." *Id.* (emphasis in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). A supervisor may be held liable under § 1983 if the supervisor was "personally involved in the constitutional deprivation" or there was "a sufficient causal connection . . . between the supervisor's [alleged] wrongful conduct and the constitutional violation." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (citing *Starr*, 652 F.3d at 1207).

To establish personal involvement, a supervisor need not be physically present or "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Starr*, 652 F.3d at 1205 (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991)). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Felarca*, 891 F.3d at 820 (quoting *Starr*, 652 F.3d at 1207-08). The Ninth Circuit has explained, however, that a court should not accept "wholly conclusory" allegations that supervisor reviewed and approved the plans of the supervisor's reports as supporting that the supervisor knew of resulting allegedly unconstitutional conduct. *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012).

Although Plaintiff alleges that Mrs. Davies is responsible for providing Plaintiff with adequate medical care, *see* Compl. at 13, he has not plausibly alleged her personal involvement in any of his claims, even under the liberal *pro se* pleading standard. Plaintiff submits his notes about communications regarding his requested medical treatment, but he does not mention Mrs. Davies in any of these notes. *Id.* at 15-17. Plaintiff does not allege that Mrs. Davies was responsible for resolving his requests. He also does not allege that Mrs. Davies was even aware

of his requests, or that she implemented or enforced any policy about these requests. Accordingly, the Court dismisses Plaintiff's claim against Mrs. Davies in her individual capacity with leave to amend.[3]

<b>CONCLUSION</b>

The Court GRANTS Defendants' Motion to Dismiss (ECF 17). Plaintiff's claims against Defendants in their official capacity are dismissed without leave to amend. Plaintiff's claims against Mrs. Davies in her individual capacity are dismissed with leave to amend. If Plaintiff believes he can cure the deficiencies in his Complaint identified in this Order, he may file an amended complaint by October 17, 2024. If Plaintiff does not timely file an Amended Complaint by that deadline, the Court shall enter Judgment dismissing this case without prejudice.

**IT IS SO ORDERED**.

DATED this 26th day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] In his Response, Plaintiff asserts additional facts about Mrs. Davies's involvement not referenced in his Complaint. A plaintiff cannot, however, assert additional facts in response to a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)); *Johnson v. Liberty Mut. Ins.*, 2013 WL 415585, at *2 (N.D. Cal. Jan. 31, 2013) (declining to consider new factual allegations in a *pro se* opposition to a motion to dismiss under Rule 12(b)(6)). Nor may a plaintiff "effectively amend his Complaint by raising a new theory in response to a dispositive motion." *Cloud Found. v. Haaland*, 2024 WL 1991552, at *7 n.4 (D. Or. Apr. 12, 2024) (cleaned up) (quoting *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010)).